MELLE S. T. WERNER, Respondent, *v.* WILLIAM R. HEARST, Appellant.

EVIDENCE — IRRELEVANT ISSUE. Where upon the trial of an action to recover damages for personal injuries sustained by the plaintiff, alleged to have been occasioned by the negligence of the driver of a newspaper delivery wagon, employed by the defendant, the main issue is as to whether the wagon was owned by the defendant or certain newspaper corporations for whose business the wagon was used and of which he was a stockholder and officer, the admission of evidence showing that such corporations had failed to file annual reports with the county clerk and state comptroller and the instruction by the court that the jury might consider such fact in deciding whether the corporation was conducted in

good faith and whether the articles of association were mere forms under which the defendant had and exercised control, constitutes reversible error as diverting the minds of the jury to a collateral and a false issue.

*Werner* v. *Hearst,* 76 App. Div. 375, reversed.

(Argued December 8, 1903; decided December 18, 1903.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered January 16, 1903, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*David B. Hill* and *Clarence J. Shearn* for appellant. It was error to admit evidence of the failure to file annual reports in the clerk's office of New York county. (Code Civ. Pro. §§ 1785, 1798; *Nimmons* v. *Tappan,* 32 N. Y. Super. Ct. 652; *Matter of N. Y. E. R. Co.,* 70 N. Y. 327; *Jowar* v. *Hale,* 46 Barb. 361; *People* v. *U. & D. R. Co.,* 128 N. Y. 240; *Denike* v. *N. Y. & R. L. Co.,* 80 N. Y. 599.) The charge of the court, upon the request of the plaintiff's counsel, that the jury should consider the evidence of the failure to file annual reports, upon the question of the character of the corporations as *bona fide* concerns, was clearly erroneous. (*People* v. *Van Dusen,* 165 N. Y. 436.) The court erred in submitting to the jury the question whether the articles of association of the several corporations in evidence were mere forms under which the defendant had and exercised control, and if they so find, then the defendant will be responsible as the master or superior in the business. (*Linden* v. *Brustein,* 23 Misc. Rep. 655; *Sheridan* v. *Mayor,* 68 N. Y. 30; *Chase* v. *Dodge,* 111 Wis. 70.)

*Roger M. Sherman* for respondent. The exceptions to the charge are not well taken. (*Smith* v. *Matthews,* 152 N. Y. 157; *C. Nat. Bank* v. *T. Bank,* 173 N. Y. 279; *White* v.

*Benjamin*, 150 N. Y. 265; *F. Nat. Bank* v. *Clark*, 134 N. Y. 373; *Stokes* v. *M. J. Assn.*, 72 App. Div. 191.) The admission of evidence as to the questions of ownership and control was proper. (*Merrell* v. *Peck*, 88 N. Y. 398; *Insurance Co.* v. *Weide*, 11 Wall. 440; *Wright* v. *O. Ins. Co.*, 6 Bosw. 269; 1 Rice on Ev. 74; *Wilkins* v. *Earle*, 44 N. Y. 142; *Seaman* v. *Koehler*, 122 N. Y. 647; *Cohn* v. *M. B. Co.*, 38 App. Div. 5; *McGown* v. *Kuntz*, 4 Alb. L. J. 92; *Fry* v. *Bennett*, 4 Duer, 248; 28 N. Y. 330; *Tilly* v. *Coykendall*, 35 Misc. Rep. 164; *Baldwin* v. *Abraham*, 57 App. Div. 67.)

GRAY, J.   The judgment appealed from must be reversed and a new trial must be had of this action; because of errors committed upon the trial, which cannot be overlooked as unimportant, or as without possible influence upon the minds of the jurors.   The plaintiff sued the defendant to recover damages for personal injuries sustained by her; which are alleged to have been occasioned by the negligent conduct of the driver of a newspaper delivery wagon, employed by the defendant.   She was, at the time, riding a bicycle and she alleged that the driver of the wagon carelessly drove into her and threw her down.   An issue was raised, by the defendant's answer, as to his ownership of the wagon.   The jury rendered a verdict in favor of the plaintiff for $25,000 and the judgment thereupon was affirmed, unanimously, by the Appellate Division in the second department.

The injuries received by the plaintiff were of sufficient gravity, if her evidence is believed by the jurors, to justify the amount of the verdict; but this court is not concerned with questions of the amount of damages, or of the defendant's responsibility as the employer of the driver.   The unanimous affirmance of the judgment on the verdict by the Appellate Division is conclusive upon us as to such questions and we are without jurisdiction to review the evidence upon the trial. All that we may do upon this appeal, which the court below has allowed to be taken to this court, is to review the excep-

tions taken to the rulings of the trial court upon the offers of evidence and to the instructions to the jury upon the law.

The main controversy was over the question of the defendant's relation to the driver of the wagon. The plaintiff sought by her proofs to show that he owned the wagon and employed the driver, independently of his relations to certain newspaper corporations, for whose business the wagon was used; while the defendant's proofs tended to show that he was but a stockholder and officer of a corporation to which the wagon belonged. The plaintiff was permitted, over the objection and exception of the defendant, to introduce evidence showing that the newspaper corporations had failed to file annual reports with the county clerk and with the state comptroller. At the request of the plaintiff, the jurors were instructed that they might consider the fact of a failure to file the reports, in deciding whether such corporations were conducted in good faith and whether their articles of association were mere forms, under which defendant had, and exercised, control. To these instructions the defendant excepted and I think that the errors in that respect, and in admitting the evidence above referred to, were important, in view of the closeness of the question of ownership, and that they were substantial, as diverting the minds of the jurors to a collateral and a false issue. The validity of the creation of the corporations and their right to exist as such, in consequence of a failure to comply with statutory conditions and requirements, as questions, had no place in such an action as this and they had no bearing upon the dispute as to the defendant's ownership and liability. We must assume that the evidence had a purpose and that it had an influence upon the jurors; for its introduction must have been with the object of invalidating the corporate status and the jurors may have been led to believe that, by reason of the failure to observe corporate obligations imposed by statute, incorporation was a sham and a device, adopted by the defendant to shield himself from liability. The plaintiff was, thus, permitted to interject an irrelevant issue as to the character and valid existence of

the corporations and it is reasonable, and, indeed, upon the record, fairly, conceivable that the jurors may have reached their verdict upon the supposition that, if the newspaper corporations were invalid, or defunct, corporate entities, the defendant was, necessarily, liable. But that is not so. They were corporations, in fact; however open to inquiry as to their right to continue as such, at the instance of the proper authorities. It was not the province of the jury to determine whether they were incorporated in good faith, or whether incorporation was a mere form and an evasive device on the defendant's part to escape an individual responsibility for the conduct of the business. (*Demarest* v. *Flack*, 128 N. Y. 205, 213.) The issue was whether the defendant was the employer of the negligent driver, or whether the newspaper corporation was. All evidence establishing, or tending to establish, the fact in either way was competent; but it was not competent proof upon the subject to show that the corporation had defaulted in its obligations and duties under the law, which gave it corporate rights and regulated its existence.

Other errors were committed in the rulings upon evidence and in the instructions given to the jurors, at the request of the plaintiff, bearing upon the defendant's relation to the corporations and upon their conduct, to which I think reference unnecessary; as, upon a new trial, they may not be repeated, in view of this opinion.

For these reasons, briefly stated, I think that the judgment appealed from should be reversed and that a new trial should be ordered; with costs to abide the event.

PARKER, Ch. J., O'BRIEN, BARTLETT, MARTIN and CULLEN, JJ., concur; HAIGHT, J., absent.

Judgment reversed, etc.