EVA ELENKRIEG, Respondent, *v.* HENRY A. SIEBRECHT, Appellant, Impleaded with Another.

**Negligence — stock corporations — action against former owner of building and corporation now owning the building to recover for injuries sustained by plaintiff in falling down unlighted stairway — attempt by plaintiff to show that corporation was a subterfuge and a cover designed to relieve the individual owner from liability — when such evidence irrelevant and improper — motion by defendant at end of case to dismiss complaint and exception to denial of such motion — erroneous charge by trial court — defendant having duly excepted to denial of motion to dismiss complaint based upon ground reiterated in charge not required to except to charge — the first exception sufficient.**

1. A corporation in respect of corporate property and rights is entirely distinct from the stockholders who are the ultimate or equitable owners of its assets. Even complete ownership of the capital stock does not operate to transfer title to corporate property, and ownership of capital stock is by no means identical with or equivalent to ownership of corporate property.

2. The defendants herein are an individual and a stock corporation, created under the Business Corporations Law and composed of the members of the family of the former, who owns only a small part of the stock. The individual defendant had erected a building to be leased to manufacturing and other business establishments. Some years later the corporation was formed and took over the building and has owned and controlled it ever since. Plaintiff, who was the employee of one of the tenants in the building, fell down an unlighted stairway and received injuries, to recover damages for which she brought this action alleging negligence on the part of defendant. Upon the trial plaintiff claimed that the corporation was a subterfuge, that in reality it did not exist and that the individual defendant was the real owner of the building and was using the corporation as a shield or cover to conceal the real ownership. The evidence is insufficient to show that the individual defendant was the real owner of the building.

3. At the end of the case counsel for the individual defendant made a motion to dismiss the complaint, to which the trial court replied, " I will hear you on the question of sending it to the jury as against Mr. Siebrecht." To this plaintiff's counsel replied, " I claim it is a

question of fact for the jury whether Mr. Siebrecht used this corporation to handle the building or not. That is a question of fact." The court denied the motion, to which ruling an exception was taken. The court then sent the case to the jury, charging, in substance, that it was for the jury to decide whether or not the corporation is merely the creature of (the individual defendant), whether it is only a subterfuge, or whether it stands as a cover for (the individual defendant). This was error. The corporation was lawfully organized and it was not the province of the jury to determine whether it was incorporated in good faith or whether incorporation was a mere form and an evasive device on the part of the individual defendant to escape any individual responsibility for the conduct of the business.

4. The fact that counsel for defendant took no exception to that charge of the trial judge does not preclude the review of such charge. It was not necessary for defendant's counsel to except to the judge's charge in order to preserve the force and effect of his exception to the denial of his motion made at the end of the case. Having excepted to this ruling, the defendant lost none of his rights because the judge subsequently expressed the same views more at length in his charge to the jury.

*Elenkrieg* v. *Siebrecht*, 206 App. Div. 736, reversed.

(Argued April 11, 1924; decided May 20, 1924.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 2, 1923, affirming a judgment in favor of plaintiff entered upon a verdict.

*G. Everett Hunt* for appellant. The opinion of the learned Appellate Division is erroneous in its decision that the question of the personal liability of the defendant Henry A. Siebrecht did not come up for review. (*Jenkins* v. *Dean*, 130 N. Y. 275; *Hopkins* v. *Clark*, 158 N. Y. 299; *Sigua Iron Co.* v. *Brown*, 171 N. Y. 488; *Biogioni* v. *Eglee Bunting Co.*, 112 App. Div. 338; *Lagville* v. *Inter. St. R. Co.*, 85 N. Y. Supp. 1027; *MacDowell* v. *Syracuse, L. & S. Co.*, 44 Misc. Rep. 627; *Schenectady & Saratoga Plank Road Co.* v. *Thatcher*, 11 N. Y. 102; *Byrnes* v. *N. Y., L. E. & W. R. R. Co.*, 113 N. Y. 251; *Potter* v. *N. Y. C. & H. R. R. R. Co.*, 136 N. Y. 77; *Roberts* v. *Tobias*, 120 N. Y. 1.)

*William A. Hyman, James B. Henney* and *Adolph Bangser* for respondent. The opinion of the Appellate Division on the question of the personal liability of the individual defendant was correct. (*Wahrman* v. *Board of Education*, 187 N. Y. 331; *Schweinburg* v. *Altman*, 145 App. Div. 377; 207 N. Y. 681; *Sweeney* v. *Berlin*, 101 N. Y. 520; *Hecla Powder Co.* v. *Sigua Iron Co.*, 157 N. Y 437; *Wagner* v. *Grimm*, 169 N. Y. 421; *Hopkins* v. *Clark*, 158 N. Y. 299; *Bopp* v. *N. Y. El. Vehicle Transp. Co.*, 177 N. Y. 33.) It is well settled that the corporate entity may be disregarded where it is a closed corporation and the owners thereof in reality are the secret principals. (*Summo* v. *Snare & Triest Co.*, 166 App. Div. 425; *Buffalo L. Co.* v. *Medina Gas Co.*, 12 App. Div. 199; *Anthony* v. *Amer. Glucose Co.*, 146 N. Y. 407; *Remington & Son P. & P. Co.* v. *Caswell*, 126 App. Div. 142; *Goss & Co.* v. *Goss*, 147 App. Div. 702.)

CRANE, J. The plaintiff was employed in 1916 as a seamstress in the workshop of a dressmaking establishment on the fourth floor of the premises at No. 425 Fifth avenue, New York city. There were other workshops in this building, employing numerous other working people. About five-thirty o'clock on the fourth day of March, 1916, the plaintiff had occasion to go to the ladies' washroom, which was on the third floor. To descend to this room there was a flight of stairs. Between the third and fourth floors these stairs were in two sections, one-half running in exactly the opposite direction to the other half, and the two halves connected by winders or steps that came to a point on the inner side of the newel post on the left-hand side going down the stairs. The point of these steps connecting the first flight with the second flight tapered down to practically nothing. On the left-hand side going down there was a handrail extending to the newel post but it did not extend around the newel post, nor was there any possible way of reaching

any handrail until the turn had been made. On the right side there was a smooth wall with no handrail. There was no artificial light on the stairway nor at the foot of the stairs and it was claimed by the plaintiff that the light in the hallway on the fourth floor was insufficient to light up the steps, so that the stairway was dark at the point of the turn. While going down these stairs the plaintiff fell, causing severe injury, for which she has brought this action. It is her claim that her fall was caused by the negligent construction and maintenance of this stairway, that no fault on her part contributed to bring it about.

The main difficulty with the recovery which she has obtained is that she has obtained a judgment against a wrong defendant. She has made Henry A. Siebrecht and the Siebrecht Realty Corporation defendants in the action, alleging in her complaint that the defendants were the owners and lessees of the building in which she was hurt and that the defendants · retained control of the hallways, stairways and retiring rooms used and intended to be used at the time she was hurt. She also alleges that it was the negligence of these defendants in defectively and improperly constructing and lighting this stairway which caused her injury.

Upon the trial it appeared from plaintiff's proof that Henry A. Siebrecht, as an individual, had constructed the building in question in 1903 on leased property and had held the leasehold and the building thereon constructed for four or five years, at which time he transferred it to his wife, Mrs. Siebrecht. She advanced to him about $30,000. In 1914 the Siebrecht Realty Corporation was formed which took over the lease of the property and the building, and has owned, controlled and operated it ever since. The certificate of incorporation shows that the Siebrecht Realty Corporation is a stock corporation, created under the provisions of the Business Corporations Law (Cons. Laws, ch. 4), of the

17

State of New York for the purpose of taking, acquiring, holding and otherwise dealing in and disposing of real estate. The capital stock is $1,000, consisting of 100 shares at a par value of $10 each. The principal office is to be located in the city of New Rochelle, county of Westchester, State of New York. The number of the directors is three and for the first year they were Henry A. Siebrecht, Emma A. Siebrecht (his wife) and Henry A. Siebrecht, Jr. (his son). The shares of stock were divided as follows:

| | |
|---|---|
| Emma A. Siebrecht............... | 90 shares |
| Henry A. Siebrecht............... | 9 shares |
| Henry A. Siebrecht, Jr............ | 1 share |

At the time the plaintiff was injured in March of 1916, the Siebrecht Realty Corporation held the lease of this building and the premises on which it was constructed. The lease passed by assignment from Mrs. Siebrecht to the Siebrecht Realty Corporation. Birdsall & Co., who looked after the property, were the agents of the Siebrecht Corporation, and paid for the repairs on the building. The corporation reimbursed them. Whatever expenses were incurred were met by the Siebrecht Realty Corporation. The following questions and answers appeared in Siebrecht's deposition:

" Q. You were, as an officer of the Siebrecht Realty Corporation, actively interested in the conduct of the business of the Siebrecht Realty Corporation? A. No, not since Birdsall & Company took charge.

" Q. Was that in March, 1916? A. Yes.

" Q. Did you visit the premises? A. Very seldom.

" Q. Did you visit Birdsall? A. Sometimes I would step in there.

" Q. They were on the premises, they took charge of the property as your agents, as agents of the Siebrecht Realty Corporation? A. Yes, sir."

The officers of the corporation were Henry A. Siebrecht, president, Mrs. Siebrecht, vice-president, and Mrs.

1924.] Opinion, per CRANE, J. [238 N. Y. 254]

Munroe, a daughter, secretary. The one share had evidently been transferred from the son to the daughter.

Upon this state of the record we have these facts regarding ownership of this property: In 1916, at the time the plaintiff was hurt, the building was on leasehold property. The lease and the property had been transferred to the Siebrecht Realty Corporation, a duly incorporated and organized corporation existing under the laws of the State of New York. This corporation had appointed real estate agents to look after the property. Siebrecht, his wife and daughter owned all the stock of this corporation, and were the officers in charge. The expenses in connection with the maintenance of the building were met and paid for by the corporation.

On the trial it was the claim of the plaintiff that this corporation was a subterfuge; that in reality it did not exist; that Siebrecht was the real owner of the building and was using the corporation as a shield or cover to the actual ownership. As tending to prove this the plaintiff offered in evidence two letters, one written to the Industrial Code Commission on June 13, 1916, and the other to the Department of Labor on July 21, 1916, in which the writer, H. A. Siebrecht, referred to No. 425 Fifth avenue, the building in question, as " my premises." He was referring to certain notices received from the Department of Labor requiring certain changes, and he writes:

" I have received notice from the Department of Labor of several changes to be made in my premises — No. 425 Fifth Avenue, N. Y. City, all of which are being complied with and having immediate attention, with the exception of No. 8 and No. 9.

" Regarding No. 8 — if we are obliged to comply with this, it means that we have to go through a tenant's premises, and thereby cut off part of the space he occupies, and we shall be obliged to reduce his rent, or he may *cancel his lease*, causing us to suffer a great loss. * * *."

In a letter of July 21, 1916, the defendant Siebrecht writes:

" I want to do all I can and also comply with your orders, but I have suffered such hardship with this Building, and all the expenses coming on me all at once, makes it almost unbearable."

These two letters are informal business communications. Ownership of the property was not in question. The relationship between the writer and the company was not being considered.· Merely because Siebrecht referred to the property as his property cannot overcome the undisputed fact of the corporation's existence and ownership. His family owned all the stock of the corporation and it is a fact that the corporation was a family affair. It is quite natural, therefore, for him to write as he did in the letter of June 13, using the pronoun " we." If he were the sole owner of this property and was using the corporation as a mere deception, he would not have used the pronoun " we," referring no doubt to the family, whereas the corporation, consisting of three members of his family as the only stockholders, might naturally be referred to as " we." However this may be, the corporation exists; it has title to the property; it maintains and operates the property through agents. The fact that it is a family corporation, so to speak, is nothing suspicious or illegal. Innumerable are the corporations wherein all the stock is owned by a few members of one family. The fact that one man may own all but a few shares of the stock and be in fact the dominant and controlling factor or the only active manager of the corporation is no evidence in and of itself that the corporation does not exist as a person in the eyes of the law actually owning, operating and controlling property.

At the end of the case counsel for the defendant made a motion to dismiss the complaint to which the court replied: " I will hear you on the question of sending it

to the jury as against Mr. Siebrecht." To this plaintiff's counsel replied: " I claim it is a question of fact for the jury whether Mr. Siebrecht used this corporation to handle the building or not. That is a question of fact." After argument upon this point, the court denied the motion, to which an exception was taken. In its charge, the court said:

" It is argued in this case for the plaintiff that the Siebrecht Realty Corporation is not an actuality; it is a subterfuge, and that the real owner is Henry A. Siebrecht. You have heard the testimony elicited as to the initial ownership of the property, its transfer to the wife, subsequently to the corporation by the wife, and the delivery to her of a given number of shares of the corporate entity in return for a loan from the wife to the husband. It is not claimed that the loan was made to the corporation. Other testimony has been submitted with respect to the disputed issue as to the interest of Henry A. Siebrecht as the dominating person in the corporation, and upon the evidence introduced the plaintiff contends that Henry A. Siebrecht is the corporation, and the corporate entity is his creature. It is for you to decide without preference or favor to the plaintiff or the defendants Siebrecht whether or not this corporation is merely his creature, whether it is only a subterfuge, or whether it stands as a cover for Henry A. Siebrecht; and you should not arrive at a conclusion as to whether he is or not without fully, fairly and patiently considering all the evidence in the case on that question. Inasmuch as the plaintiff makes the charge, she must establish it by the burden of proof. If you find that the corporate entity is not a creature and a cover for the individual, then your verdict must be in favor of the defendant Siebrecht and consider the case as against the corporation under the instructions as to the law that the court has given you."

We do not understand this to be the law. Whether or

**262**     o ELENKRIEG *v.* SIEBRECHT.

not the corporation is the creature of Siebrecht is not a determining feature. Whether it be a subterfuge is misleading. Many a man incorporates his business or his property and is the dominant and controlling feature of the corporation. He may do so for the very purpose of escaping personal liability, and he may do so as a cover 'if in fact the corporation really exists — is doing business as permitted by the laws of this state or the state of its incorporation, in other words, is a person recognized by the law. There may be instances where a man cannot hide his personal acts and responsibilities behind a corporation even though that corporation does exist. (*Chicago, M. & St. P. Ry. Co.* v. *Minneapolis Civic & Commerce Association,* 247 U. S. 490), but this is not one of those cases. In *Werner* v. *Hearst* (177 N. Y. 63) the existence of a corporation and its employment of a servant whose act was claimed to have been negligent was brought in question by evidence tending to show that it did not exist as a corporation but that its articles were mere forms under which the defendant, as individual, had and exercised control. It was said by this court:

" They were corporations, in fact; however 'open to inquiry as to their right to continue as such, at the instance of the proper authorities. It was not the province of the jury to determine whether they were incorporated in good faith, or whether incorporation was a mere form and an evasive device on the defendant's part to escape an individual responsibility for the conduct of the business." (p. 67.)

See, also, *Brock* v. *Poor* (216 N. Y. 387), wherein it was said:

" * * * the corporation in respect of corporate property and rights is entirely distinct from the stockholders who are the ultimate or equitable owners of its assets.; that even complete ownership of capital stock does not operate to transfer the title to corporate property and that ownership of capital stock is by no means

identical with or equivalent to ownership of corporate property." (p. 401.)

To this charge of the court the defendant's counsel, however, took no exception. The Appellate Division did not approve this charge. The judgment in favor of the plaintiff was affirmed by three of the judges deciding that the defendant had waived his exception to the denial of his motion to dismiss the case against the individual Siebrecht because he had not excepted to the charge of .the court as above quoted. The two dissenting judges took a contrary view and stated:

" The counsel for the defendant Siebrecht having moved to dismiss as against said defendant at the close of the plaintiff's case, and renewed that motion at the end of the.case, and having excepted to the denial of his motions, the question was squarely raised as to the responsibility of Siebrecht."

Apparently, all five of the judges were of the opinion that no case had been made out against Henry A. Siebrecht.

We agree with the views expressed by the dissenting judges. It was not necessary for the defendant's counsel to except to the judge's charge in order to preserve the force and effect of his exception taken to the denial of his motion made at the end of the case. That was the time and place for the judge to have made the ruling which the law says he should have made. Having excepted to the ruling, the defendant lost none of his rights because the judge subsequently expressed the same views more at length in his charge to the jury. One exception upon the same ruling was as good as two.

The judgment, therefore, against Henry A. Siebrecht must be reversed and the complaint against him dismissed, with costs in all courts.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, ANDREWS and LEHMAN, JJ., concur.

Judgments reversed, etc.