In the Matter of the Application of Walter E. Vannier et al., Respondents, for an Order Requiring the Anti-Saloon League of New York et al., Appellants, to File a Statement and Account of Receipts and Expenditures.

**Election Law — political committees — proceeding to compel alleged unincorporated political committee to select treasurer and file statement of campaign receipts and expenditures — Appellate Division without power to substitute corporation of similar name in place of committee against which proceeding was instituted — when Court of Appeals not precluded by unanimous affirmance from consideration of questions — corporation not a political committee within meaning of statute — sufficiency of evidence that substituted corporation had collected and expended money to influence elections — corporation subject to provisions of either section 44 of General Corporation Law or of subdivision 2 of section 322 of Election Law — when Special Term order may not be reinstated.**

1. In a proceeding instituted to compel an alleged unincorporated political committee, as defined by section 320 of the Election Law (Cons. Laws, ch. 17) to select a treasurer as provided by section 324 of said law and to file a statement of campaign receipts, expenditures and contributions in connection with an election, and in which the trial judge, without amendment, has sought to reconcile the theory of the petitioners with evidence offered by defendant, by holding that the organization against which petitioners were proceeding as an unincorporated political committee was a *de facto* corporation, the Appellate Division has no power to discard both theories and substitute a corporation, of a somewhat similar name, but an entirely new party, in the place of the unincorporated committee against which the proceeding was instituted.

2. This court is not precluded by an unanimous affirmance from considering this question. When the Appellate Division substituted a new party there was no unanimous affirmance as to it and the whole record was opened to inspection for the purpose of determining whether it sustains the order as to that new party.

3. Moreover, if we should disregard this question of practice, under the circumstances involved in this proceeding the substituted corporation is not a " political committee " within the statute which defines such committee as " any committee or combination of three

or more persons co-operating to aid or promote the success or defeat of a political party." That language plainly and necessarily describes a case where three or more persons preserving their individual identity and status come together and unite their individual efforts in the common purpose of accomplishing some result. It does not describe or fit a corporation.

4. An argument that the provisions of the statute referred to must apply to an ordinary corporation because section 327 enacts that " This article shall not apply to any person, association or corporation engaged in the publication or distribution of any newspaper or other publication issued at regular intervals in respect to the ordinary conduct of such business," cannot be sustained. The section in question exempts the persons therein named from compliance with any of the provisions of the entire .article, some of which are entirely different than the ones which it is sought to .apply to the present corporation.

5. Upon a review of the evidence, *held*, that it amply justified a finding that the substituted corporation had gone beyond the activities for which it was organized and that it had collected and expended money for the purpose of influencing elections and that under the management of its former superintendent there were occasions when it did not hesitate to expend money in one form or another to encompass the defeat of those who incurred its disapproval. Such conduct places it between two statutes to one of which at least it must yield obedience. Section 44 of the General Corporation Law (Cons. Laws, ch. 23) under the penalties of the criminal law prohibits any corporation except one organized or maintained for political purposes only, to " directly or indirectly pay or use or offer, consent or agree to pay or use any money or property for or in aid of any political party, committee or organization, * * * or for, or in aid of, any candidate for political office or for nomination for such office, or for any political purpose whatever." This corporation, insisting that it was not organized " for political purposes only," on its own claim is not exempt from the provisions of that statute. But if it should be held that it might expend money in connection with elections to promote the success or defeat of political parties or to aid or influence the election or defeat of candidates, it would encounter the provisions of subdivision 2 of section 322 of the Election Law, pertaining to filing statements of such expenditures.

6. The Special Term order encounters the same difficulty as that of the Appellate Division of trying to fit the definition of a " political committee " to a corporation. It, therefore, cannot be reinstated.

*Matter of Vannier* v. *Anti-Saloon League*, 207 App. Div. 870, reversed.

(Argued May 31, 1924; decided July 5, 1924.)

Appeal, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered September 11, 1923, which modified and affirmed as modified an order of Special Term, requiring the original defendant, Anti-Saloon League of New York, to appoint a treasurer and file a statement of receipts and expenditures of money in connection with the primary and general elections held in the year 1922 in the State of New York.

*Benjamin P. Wheat* for appellants.

*Ransom H. Gillett* for respondents.

Hiscock, Ch. J. This proceeding was instituted to compel an alleged unincorporated political committee, as defined by section 320 of the Election Law (Cons. Laws, chap. 17), and called the Anti-Saloon League of New York, to select a treasurer as provided by section 324 of said law and to file a statement of campaign receipts, expenditures and contributions in connection with the election of 1922 as required by sections 321 and 323 of said law, and the proceeding resulted, through modification at the Appellate Division of the order granting such petition, in an order requiring a corporation known as the New York Anti-Saloon League to comply with the provisions of said sections.

We think that the evidence taken in the proceeding easily would have permitted the judge before whom the same was heard to find that said New York Anti-Saloon League did collect and expend moneys for the purpose of influencing said elections, but three different and contradictory theories have been advanced for sustaining this proceeding before reaching the conclusion that said League could be required as a political committee to comply with the requirements of the statutory provisions which have been mentioned.

The proceeding was originally instituted on a petition

which alleged that several individuals who were named had organized themselves as a political committee under the name of the Anti-Saloon League of New York, which was claimed to be a voluntary and unincorporated association or combination. The trial judge made his order requiring said Anti-Saloon League of New York to appoint a treasurer and file a statement of expenditures and receipts on the theory that said League was a *de facto* if not a *de jure* corporation. The Appellate Division held that there was no unincorporated association having the name of the Anti-Saloon League of New York and that the activities portrayed by the evidence were really carried on by the New York Anti-Saloon League, which was incorporated. Reaching this conclusion it substituted as a party in the order the incorporated New York Anti-Saloon League in the place of the alleged unincorporated body known as the Anti-Saloon League of New York, and then affirmed as against said corporation the commands of the order requiring a treasurer to be appointed and a statement to be filed. Thus was reached the order now before us and which we do not think can be affirmed. In that conclusion there are involved the consideration of various questions of which the most important concerns the meaning of section 320 of the Election Law which defines a political committee as meaning " any committee or combination of three or more persons co-operating to aid or to promote the success or the defeat of a political party or principle * * * or to aid or take part in the election or defeat of a candidate for public office or to aid or take part in the election or defeat or a candidate for nomination at a primary election or convention, * * * but nothing in this article shall apply to any committee or organization for the discussion or advancement of political questions or principles without connection with any election."

The first objection to the order made by the Appellate Division is one of practice. As we have already indicated,

this proceeding was instituted plainly and definitely on the theory that there was a committee or combination of three or more individuals, who were named, for the purpose of influencing the results of elections as specified in section 320 of the Election Law and " that such committee or combination of three or more persons " was a " political committee " and called itself " The Anti-Saloon League of New York " and during the year in question had certain " officers, directors, employees, agents, attorneys and servants " who were duly named. The prayer of the petition was that the individuals who were named whether " acting as individuals or members of said political committee, the Anti-Saloon League of New York," show cause why a treasurer should not be appointed for said political committee and why a statement should not be filed as required by law and the order to show cause granted on said petition entirely conformed to this theory. The plain implication from their own terms that this petition and order to show cause were seeking to deal with a voluntary and unincorporated body composed of various individuals was emphasized in various other ways.

At the outset of the hearing the trial judge in denying a motion by defendant said: " The petition in this case alleges certain acts in relation to individuals who are combined and constitute a league calling themselves the Anti-Saloon League." The petitioners took pains to produce evidence that the Anti-Saloon League had never been incorporated, and when defendants by way of defense and contradiction of petitioners' theory offered in evidence articles of incorporation of the New York Anti-Saloon League it was objected to by petitioners because " the paper relates to a body that is entirely foreign and distinct from the *unincorporated and unorganized* body or association that we have known the Anti-Saloon League to be." And that this theory of an unincorporated association or committee persisted

to the end of the hearing is sufficiently evidenced by the opinion of the judge before whom the hearing was had and in which it is stated that " The legal status of the League is raised by the claim of the respondents that it is a corporation and upon the assertion of the petitioners that the proof does not establish it to be such." Under these circumstances, without any amendment, the trial judge apparently tried to reconcile the theory of the petitioners with the evidence offered by the defendant by holding that the Anti-Saloon League of New York against which petitioners were proceeding as an unincorporated " political committee " was a *de facto* corporation. But the Appellate Division discarding both theories, as has already been stated, substituted the corporation, the New York Anti-Saloon League, which was an entirely new party, in the place of the unincorporated political committee against which the proceeding was instituted.

We do not think that it had the power to do this. Obviously it is not a case of curing by amendment some mere mistake in the name of a party concerning whose identity there is no dispute. It is much more than that. It is an attempt by modification on appeal without a hearing to substitute an entirely new party and subject it to a liability already determined, notwithstanding the fact that liability in its case presents quite different questions than those presented in the case of the defendant summoned in the original proceeding. We think that this was beyond the power of the court.

There is some suggestion that we are confronted by an unanimous affirmance which prevents us from considering this and other questions. But this clearly is not so. When the Appellate Division substituted a new party there was no unanimous affirmance as to it and the whole record was opened to our inspection for the purpose of determining whether it sustains the order as to that new party.

But if we should pass by this obstacle to the order now before us and assume for the purposes of argument that the Appellate Division had the power on appeal, without amendment and without notice, to substitute an entirely new party as the subject of the commands contained in the order which was made at Special Term, we should feel compelled to hold under the circumstances involved in this proceeding that the incorporated New York Anti-Saloon League is not a " political committee " within the statute which defines such committee as " any committee or combination of three or more persons cooperating to aid or promote the success or defeat of a political party," etc. That language plainly and necessarily describes a case where three or more persons preserving their individual identity and status come together and unite their individual efforts in the common purpose of accomplishing some result. The basic idea is that there must be at least three separate persons coming into co-operation as a committee or combination. That language and that idea do not describe or fit a corporation. It seems to us quite impossible, speaking with accuracy and having regard for the established meaning of words, to describe a corporation as a " committee " and it is scarcely less difficult to think of it in a legal sense as a " combination of three or more persons." Individuals combine to organize it but when it is once organized it becomes a single and complete entity which supplants or absorbs the individuals and thenceforth it stands, operates and is judged as a single body and not as a congregation of individuals. The attempt has often been made in civil actions to disregard or go behind the corporate organization for the purpose of reaching the individuals who owned, controlled or operated it. But such attempts, unless under exceptional circumstances, have been consistently defeated on the ground that the corporate organization was a single and complete creation which absorbed and took the place of the individuals who formed it. (*Werner* v. *Hearst,*

177 N. Y. 63; *Brock* v.. *Poor*, 216 N. Y. 387; *Elenkrieg* v. *Siebrecht*, 238 N. Y. 254.)

We do not overlook it, that in this case it is argued that the provisions to which we have referred must apply to an ordinary corporation because section 327 enacts that " This article shall *not* apply to any person, association or *corporation* engaged in the publication or distribution of any newspaper or other publication issued at regular intervals in respect to the ordinary conduct of such business." The weakness of this argument is that the section in question exempts the persons therein named from compliance with any of the provisions of the entire article and some of which are entirely different than the ones which it is sought to apply to the present corporation.

It may be that a corporation as a " person " might unite with two or more other persons or corporations in the formation of what would be a political committee or combination within the meaning of the statutes which we have been discussing. It is unnecessary, however, to consider that question for the orders before us have not been made upon any such theory as that.

Neither is it necessary to consider the danger suggested in the courts below that unless a corporation can be regarded as a political committee or combination, people actually intending to form such a committee or combination can escape the requirements of the statute by organizing themselves into a corporation. It will be time enough to consider that attempt when it is presented. We may remark, however, that there seems to us to be considerable difference between holding in a proceeding directed solely against a corporation that it is a committee or combination of individuals, and holding that individuals in a proceeding instituted against them could escape liability when it appeared that for the manifest purpose of evading the statute they had organized themselves into a corporation.

Nor do these views by any means lead to the con-

clusion that this appellant corporation is immune from any regulation or supervision of its conduct in connection with elections. We think the evidence amply justified the finding that it had gone beyond the activities for which it was organized and that it had collected and expended money for the purpose of influencing elections and that under the management of its former superintendent there were occasions when it did not hesitate to expend money in one form or another to encompass the defeat of those who incurred its disapproval. Such conduct places it between two statutes to one of which at least it must yield obedience. Section 44 of the General Corporation Law (Cons. Laws, ch. 23) under the penalties of the criminal law prohibits any corporation except one organized or maintained for political purposes only, to " directly or indirectly pay or use or offer, consent or agree to pay or use any money or property for or in aid of any political party, committee or organization, * * * or for, or in aid of, any candidate for political office or for nomination for such office, or for any political purpose whatever." Of course this corporation insists that it was not organized " for political purposes only " and, therefore, on its own claim it is not exempt from the provisions of that statute. But if, in some manner, it should be held that it might expend money in connection with elections to promote the success or defeat of political parties or to aid or influence the election or defeat of candidates, we think it would encounter the provisions of section 322, subdivision 2, Election Law, pertaining to filing statements of such expenditures.

But passing upon the questions now before us and for the reasons stated, we think that the order of the Appellate Division must be reversed.

Nor upon such reversal are we able to reinstate the order of the Special Term. It was held by the Appellate Division, with the apparent concurrence of petitioners'

30

counsel on this appeal, that the political activities proven on the hearing were those of the New York Anti-Saloon League although conducted in the name of the Anti-Saloon League of New York, and that there was no unincorporated association having the latter name as distinguished from the former corporation. This also seems to have been the view of the trial justice — that he was dealing with a corporation. This being so the Special Term order encounters the same difficulty as that of the Appellate Division of trying to fit the definition of a " political committee " to a corporation.

Therefore, our final conclusion is that both orders must be reversed and the proceeding dismissed, with costs.

CARDOZO, POUND, CRANE and LEHMAN, JJ., concur; ANDREWS, J., concurs on first ground stated in opinion; McLAUGHLIN, J., dissents.

Orders reversed, etc.