Vennerbeck & Clase et al. vs. Juergens Jewelry Co. }Equity No. 10057.

November 13, 1931.

CHURCHILL, J. Heard on petition for amendment of schedules.

Henry F. Juergens, hereinafter called the claimant, filed with the receivers of the Juergens Jewelry Company a claim for $40,929.71. Of this amount $1,088.03 was represented by promissory notes of the corporation and the balance was described in the proof of claim as the amount in which the corporation was indebted to the claimant. No further specification of the alleged indebtedness was given.

The receivers allowed $1,084.24 and disallowed $39,845.47.

Thereafter the claimant filed a petition to strike out the item of $39,845.47 from the schedule of disallowed claims and to amend the schedule of allowed claims by inserting the item of $39,-845.47.

When the claimant's petition came on for hearing the receivers and certain creditors, hereinafter called the creditors, objected to the form of the original claim, whereupon the claimant filed a bill of particulars setting forth the various items making up the claim and showing a total amount of $40,935.92. The hearing was thereupon continued to later date.

The receivers and the creditors object in limine, taking the position that as the original petition was insufficient in specification of items and consideration, the petition to amend the schedules should be denied.

No claim is made that on the merits the receivers or the creditors were handicapped in the conduct of the case. A complete bill of particulars was filed with them before the hearing. They had the possession of the books of the corporation from which the claimant's bill of particulars was made up, and their sources of documentary information were more ample than those possessed by claimant.

Treating the so-called bill of particulars as an amendment to the original claim, it is manifest that under the liberal rules of amendment respecting proof of claims and taking into consideration the fact that the receivers and creditors were not prejudiced, the point is not well taken.

The corporation now in receivership is a Rhode Island corporation. It was duly organized and began to operate as a going concern January 2, 1922, and so operated until March 12, 1930, when a temporary receiver was appointed.

The claim as now made is for $37,-935.92. The items run from January 1, 1924 to June 30, 1930, and are for salary, loans to the corporation and Liberty Bonds advanced to the corporation to meet notes of the concern. The claimant was president and treasurer of the concern and owned its capital stock.

Evidence of an accountant employed by the creditors, and who was employed by the corporation from 1924 to the date of the receivership, substantiated the claim. The claim was further supported by the testimony of the claimant. It appeared that not only was he president and treasurer of the corporation but that he acted as general manager and had general charge of its affairs, and that the corporation had the benefit of his services. The loans and advances of Liberty Bonds were made in good faith when the corporation was in such financial condition that advances were necessary to preserve it from disaster. Salary was charged at the rate of $5,000 a year, which, under the circumstances and in view of the services performed, was not excessive.

The Rhode Island corporation was the successor of a New York corporation in which the claimant held a controlling, if not the sole, interest. The latter company by a bill of sale transferred all its assets to the Rhode Island corporation January 21, 1922. This latter company became thus subject to all liabilities of the New York corporation. Among the liabilities inherited was a debt due the claimant made up of unpaid salary items and loans. The

origin of this indebtedness is attacked by the receivers and creditors as founded in fraud.

In 1918 a balance was struck between the company and the claimant and I find on all the evidence that this entry correctly represented the state of the accounts between the parties.

In 1920 an audit of the books of the New York company was made by a firm of accountants and this audit as of May 1, 1920, disclosed an indebtedness to the corporation of $46,508.45 made up of items for salary due and loans.

In 1921 another audit by a different firm of accountants was made and a new set of books opened. The auditor testified that he had examined and analyzed the books of the concern in the light of the audit of 1920 and found all the items set forth in the audit accounted for on the books except an item of $3,000 in the Henry F. Juergens account and that there was no evidence of fraud in the books of the concern.

The item of $3,000 which the accountant was unable to verify from the books has been waived by the claimant.

The New York corporation was at all times solvent.

On all the facts I find that the indebtedness of the claimant by the New York corporation and carried over as a liability to the Rhode Island corporation is, deducting the amount of $3,000, correct, and that such liability was made up for salary due, reasonable in amount, for services rendered the corporation and for money advanced in good faith to the corporation, and I further find that there was no fraud in the transactions between the claimant and the New York corporation or in respect to creditors of the New York corporation, or to prospective creditors.

The claim is further challenged on two grounds. It is argued:

(1) That as both corporations were one-man corporations they had no existence in point of fact; that the claimant is therefore in the position of working for himself and loaning money to himself and hence can not recover; and

(2) That the loans and salaries never having been authorized or fixed by the directors can not be recovered.

(1) The two corporations were regularly organized under the laws of the respective states in which they were incorporated and functioned as going concerns until one was in fact dissolved by transfer of its assets and the other was put in the hands of receivers. Both corporations had title and possession of machinery, stock in trade, and other assets, and there is nothing in the evidence to show any departure from the normal conduct and operation of an ordinary business corporation. There was no fraud intended or practised in the organization or operation of either corporation in respect to creditors, either actual or prospective.

The claimant in making loans to the corporation for money actually advanced took a risk equally with the merchandise creditors.

Under the facts found in this case, the law is well settled that the corporate entity remains intact although stock ownership is concentrated in one individual.

It follows that such a stockholder may loan to the corporation and is entitled to recover his pro rata share in receivership proceedings and is entitled to receive payment for services performed for the benefit of the corporation.

The doctrine laid down in the leading case of

Salomon vs. Salomon, 1897, App. Cas. 22,

is supported by the overwhelming weight of authority in this country.

> *In re Watertown Paper Co.* 169 Fed. 252;
>
> *Elenkrieg* vs. *Siekecht*, 238 N. Y. 254.

Under the facts found, the receivers and creditors do not bring their case within the recognized exceptions to the principle of the ·Salomon case and for this reason such cases as

> *Edward Finch Co.* vs. *Robie*, 12 Fed. (2nd) 360;
>
> *Donovan* vs. *Purtelli*, 216 Ill. 629.
>
> *Luckenbach S. S. Co., Inc.* vs. *W. R. Grace & Co., Inc.*, 267 Fed. 676,

do not apply.

(2) The loan account represented money actually loaned of which the corporation had the benefit; the salaries charged were reasonable in amount and here also the corporation had the benefit.

Under such circumstances an imperative rule of law must be interposed to defeat claims so founded.

There is nothing in the statute law or the charter of the corporation which makes formal action by a board of directors a condition precedent to recovery by the claimant.

Formal action is for the protection of stockholders but where all the stock is held by one person and under the circumstances found to exist in this case, the reason for the rule vanishes, and formal action is therefore not necessary, no fraud being shown.

> *Gerard* vs. *Empire Square Realty Co.*, 189 N. Y. Supp. 306 at 310,
>
> 1 Fletcher, Corporations, Sec. 503.

Further, there is evidence warranting a finding that the other directors knew and acquiesced in the action of the claimant in making the loans in question and in fixing the amount of his salary, thus bringing the case within the doctrine of

> *Baker* vs. *Smith*, 41 R. I. 17.

I further find that the salary account of Henry F. Juergens with Juergens Jewelry Company from January 1, 1924 to January 1, 1930, showed that the corporation was charged with salary amounting to $31,106.79 and that Henry F. Juergens was charged with the receipt on salary account of $30,980.69.

The petition of the claimant is granted and the schedule of disallowed claims may be amended by striking therefrom the item of the claim of Henry F. Juergens amounting to $39,-845.47 and the schedule of claims allowed may be amended by inserting therein the claim of Henry F. Juergens for $37,935.92.

For complainant: Sherwood, Heltzen and Clifford.

For respondents: Tillinghast and Collins.

H. M. Boss, Jr., U. S. Attorney.

For claimant Henry F. Juergens: Ralph M. Greenlaw.