CASIMIRO PETROVICH, Plaintiff, *v.* FELCO CHEMICAL CORPORATION et al., Defendants.

Supreme Court, Special Term, Queens County, January 12, 1949.

*Seckel, Storper, Damashek & Cohn* for Morris Cooper and another, defendants.

*Sidney Wallace Hartman* for plaintiff.

COLDEN, J. In an action for damages for personal injuries sustained by the plaintiff as a result of the explosion of a steel drum containing liquid soap, which was manufactured by the corporate defendant and sold to the plaintiff's employer, the sole incorporators, stockholders, officers and directors were joined as party defendants, upon the theory that in truth and fact they were copartners in the business of the corporation and were conducting said business under the guise of the corporate form. The individual defendants now move to dismiss the complaint for legal insufficiency.

A corporation must be judged '' as a single body and not as a congregation of individuals '' (*Matter of Vennier* v. *Anti-*

*Saloon League,* 238 N. Y. 457, 463) except where such individuals are using the corporation as a cloak to accomplish some fraudulent purpose (*Thomashefsky* v. *Edelstein,* 192 App. Div. 368), or as an instrument of wrong and injustice (*Lowendahl* v. *Baltimore. & Ohio R. R. Co.,* 247 App. Div. 144, affd. 272 N. Y. 360). The test for justifying the disregard of the corporate entity is fraud or illegality; it is invoked where to preserve the corporate fiction would work inequity or injustice (*Jenkins* v. *Moyse,* 254 N. Y. 319). Nothing of this character is alleged in the complaint or even claimed in the brief.

We have here a case involving an accident which has resulted in personal injuries for which a cause of action is clearly stated against the corporate defendant. The disregard of the corporate entity is attempted solely upon the basis of dominance and control by individuals who incorporated, and now manage and control said corporation through ownership of stock. This of itself does not justify the disregard of the corporate fiction in an action of this character. As was stated in *Elenkrieg* v. *Siebrecht* (238 N. Y. 254, 262): " Many a man incorporates his business or his property and is the dominant and controlling feature of the corporation. He may do so for the very purpose of escaping personal liability, and he may do so as a cover if in fact the corporation really exists — is doing business as permitted by the laws of this state or the state of its incorporation, in other words, is a person recognized by the law."

Accordingly, the motion is granted. Submit order.