John Joseph MULL, Plaintiff,

v.

COLT CO., Inc., Max Fermaglick, Edwin Ackerman, Seymour Ackerman, Samuel T. Goodman, Andrea Service Corp., West Side Maintenance Corp., King Ford Motors, Inc., and Ford Motor Company, Inc., Defendants.

United States District Court
S. D. New York.
Dec. 3, 1959.

Lawrence Lauer, New York City, for plaintiff.

Norbert Ruttenberg, New York City, for defendant Edwin Ackerman, Edward Cherney, New York City, of counsel.

METZNER, District Judge.

Defendant Edwin Ackerman moves pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., to dismiss the complaint as to him on the ground that it fails to state a claim upon which relief can be granted.

The plaintiff seeks recovery for damages suffered as the result of the alleged negligence of the defendants. A taxicab owned by defendant Colt Co., Inc. ran into the plaintiff, crushing both of his legs. The case is here on diversity, since the plaintiff is a resident of New Jersey and the defendants are residents of New York. The injury occurred in New York City.

It is alleged that defendant Ackerman, either alone or jointly with two other individual defendants and two corporate defendants, is the owner of the stock in defendant corporation, Colt Co., Inc. It is further alleged that Colt Co., Inc. was formed in furtherance of a scheme or plan whereby Ackerman alone, or with other named defendants, sought to avoid their just and lawful obligations to persons injured by operation of their taxicabs. The scheme consisted of the formation of a series of corporations, each of which would be the registered owner of two taxicabs. The effect of

carrying on their business of owning and operating taxicabs through multiple corporations would be to limit any liability in case of suit by an injured party.

In view of this state of affairs, the plaintiff seeks to pierce the corporate veil on the ground that defendant Colt Co., Inc. was a mere agency or instrumentality of Ackerman and/or his partners, who exercised sole dominion and control over Colt Co., Inc., all of which constituted a fraud against the general public who were injured by these taxicabs, and more particularly this plaintiff.

 Few questions of law are better settled than that a corporation is wholly a separate entity from the stockholders, whether they be one or more, and this is true even though the individuals incorporated their business as a cover and for the very purpose of escaping personal liability. Halstead v. Globe Indemnity Co., 258 N.Y. 176, 179 N.E. 376; Jenkins v. Moyse, 254 N.Y. 319, 172 N.E. 521, 74 A.L.R. 205; Elenkrieg v. Siebrecht, 238 N.Y. 254, 144 N.E. 519, 34 A.L.R. 592. The cases indicate that the corporate veil may be pierced where a question of fraud or illegality is present. Berkey v. Third Ave. Ry. Co., 244 N.Y. 84, 155 N.E. 58, 50 A.L.R. 599; Lowendahl v. Baltimore & Ohio Railroad Co., 247 App.Div. 144, 287 N.Y.S. 62, affirmed 272 N.Y. 360, 6 N.E.2d 56; In re Belt-Modes, Inc., D.C., 88 F.Supp. 141, 144, and cases cited therein. There is no showing of fraud or illegality in the activities of the corporation in this case or in the use of the corporate form for doing business. There is no allegation to the effect that the corporation has violated any statute or regulation in effect either as to general corporate operations or as to specific operations in the taxicab business. Assuming the truth of plaintiff's contentions, a very unfortunate situation exists in this great city for which there should be a remedy as discussed below, but it is not of the character which at the present time may be reached by judicial action.

In the Berkey case, supra, the court indicated that as between parent corporation and subsidiary corporation the corporate veil of the latter may also be pierced in a proper case on the ground of agency in order to reach the parent. The court said (244 N.Y. at page 95, 155 N. E. at page 61):

"Dominion may be so complete, interference so obtrusive, that by the general rules of agency the parent will be a principal and the subsidiary an agent."

See also Lowendahl, supra; Geletucha v. 222 Delaware Corp., 7 A.D.2d 315, 182 N.Y.S.2d 893; Mangan v. Terminal Transportation System, Inc., 157 Misc. 627, 284 N.Y.S. 183, affirmed 247 App. Div. 853, 286 N.Y.S. 666.

 However, if it is shown that the individuals are carrying on a business as individuals and not as a corporation, they are responsible in their personal capacities. As was said in African Metals Corporation v. Bullowa, 288 N.Y. 78, 85, 41 N.E.2d 466, 470:

"While the law permits individuals to incorporate their business and thus escape personal liability, yet such incorporation does not go further than to exempt the individuals from such business as is carried on by the corporation. Incorporation does not exempt the individuals from liability for an enterprise which they themselves choose to carry on as individuals independently of the corporation. It cannot be said, as a matter of law, upon this record, that there is no evidence or inferences from evidence that these defendants were not joint venturers dealing personally in this enterprise."

There not only must be "initial corporate organization, but, also, actual conduct of the business in corporate form by the corporation." P. S. & A. Realties, Inc. v. Lodge Gate Forest, Inc., 205 Misc. 245, 127 N.Y.S.2d 315, 324. In this latter case the court found after trial that there was a complete disregard of corporate form and of corporate organization in the transaction of the business

enterprise. These latter two cases, however, are not based on any theory of agency, but rest on direct individual responsibility.

The theory of agency is used in intercorporate dealings. It is inappropriate if the purpose of piercing the corporate veil is to reach the individual stockholder, because, as is pointed out above, the very purpose of doing business in the corporate form is to relieve the stockholder of liability absent extraordinary circumstances such as fraud or illegality.

In the Elenkrieg case, supra, the plaintiff was injured as the result of the alleged negligence of the corporate owner of a building. The stock in the corporation was held by three persons, a family group consisting of husband, wife and daughter. Plaintiff sought judgment against the husband as well as against the corporation, but the court dismissed the action against the individual, saying (238 N.Y. at page 260, 144 N.E. at page 521):

> "Innumerable are the corporations wherein all the stock is owned by a few members of one family. The fact that one man may own all but a few shares of the stock, and be in fact the dominant and controlling factor or the only active manager of the corporation, is no evidence in and of itself that the corporation does not exist as a person in the eyes of the law actually owning, operating, and controlling property."

The court went on to say (238 N.Y. at page 262, 144 N.E. at page 521):

> "Whether or not the corporation is the creature of Siebrecht is not a determining feature. Whether it be a subterfuge is misleading. Many a man incorporates his business or his property and is the dominant and controlling feature of the corporation. He may do so for the very purpose of escaping personal liability, and he may do so as a cover, if in fact the corporation really exists —is doing business as permitted by the laws of this state or the state

of its incorporation; in other words, is a person recognized by the law."

To the same effect see Petrovich v. Felco Chemical Corp., 194 Misc. 111, 86 N.Y.S. 2d 327.

Under the law in New York as set forth in all of the above cited cases, there is nothing in this complaint to indicate the basis of a claim against defendant Ackerman.

Plaintiff relies on the decisions in Teller v: Clear Service Co., Inc., 9 Misc.2d 495, 173 N.Y.S.2d 183, and Robinson v. Chase Maintenance Corp., Sup., 190 N.Y. S.2d 773. In the Robinson case the court pierced the corporate veil of a subsidiary to reach the parent corporation and relied on the Berkey and Lowendahl cases, supra, for its decision. The court specifically refused to sustain the complaint as to the individual defendant alleged to have owned and controlled the parent corporation. Plaintiff here would have the court interpret the Robinson case as holding that the corporate veil may be pierced to reach the immediately next controlling layer in an economic setup, and that it makes no difference whether such control lies in a parent corporation or an individual stockholder. This is not the rationale of the decision, nor is there any indication in the Robinson case that the court would have held in the individual stockholder were it not for the fact that the holding corporation had sufficient assets to satisfy any claim.

In the Teller case the court was conducting a pre-trial conference pursuant to Rule IX of the New York County Supreme Court Rules. The case appears to be factually similar to the one under consideration. The court was moved by the inadequacy of the proffered settlement on behalf of the corporate owner of the taxicab. The court went into great detail reviewing this type of economic setup in the taxicab industry in the City of New York, particularly since it is an integral part of the public transportation system of this city of 8,000,000 people. However, even there the court's conclusion was that statutes would have to be

amended to adequately protect the public and that the legislature should conduct a full investigation of "this apparent taxicab fleet racket." 173 N.Y.S.2d at page 191. See a similar decision in Johnson v. Rawn Taxi, Inc., 9 Misc.2d 495, 173 N.Y.S.2d 191.

When all is said and done any notion of mine as to fairness and justice in the circumstances must yield to "justice under law." Any other measuring rod would only create chaos. The state and municipal legislative bodies are the places where remedy must be sought.

Accordingly, the motion is granted. Settle order.