ALBERT E. ROLLINS *vs.* CHARLES S. BAZIRGAN.

Suffolk.   January 19, 20, 1925. — May 20, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Agency*, Agent's commission.  *Sale*, By barter.  *Practice, Civil*, Finding by judge.  *Words*, "Sold."

Under a contract between a salesman and a dealer, whereby the salesman became associated with the dealer's "business for the purpose of selling rugs to customers whom the salesman should find in any way he could by advertising or otherwise, and that on whatever rugs were sold through the salesman's efforts the salesman should receive one half the profits above the cost of the rugs," the salesman is entitled to the commission specified on sales made in exchange for merchandise which was accepted by the dealer, a barter being a sale within the meaning of the contract.

In an action for a commission alleged to have been earned under the contract above described, there was evidence, which was controverted, that a sale which was not completed until after the termination of the plaintiff's agency resulted from his efforts put forth during the agency, and there was a finding for the plaintiff.  *Held*, that

(1) A finding was warranted that the plaintiff was the efficient cause of the sale although he had ceased to be in the employ of the defendant before all the negotiations culminating in the sale were completed;

(2) It was immaterial that payment remained to be made when the parties ceased to be bound longer by this agreement;

(3) This was not a case where the power to act for the defendant had ceased before performance had become complete;

(4) The finding for the plaintiff was warranted.

CONTRACT upon an account annexed for a commission alleged to have been earned in the sale of rugs for the defendant.   Writ in the Municipal Court of the City of Boston dated May 23, 1923.

Evidence at the trial in the Municipal Court is described in the opinion.   At the close of the evidence, the defendant

asked for rulings that the plaintiff was not entitled to recover on the items described in the opinion. There was a finding for the plaintiff in the sum of $983.56, which included a finding on the items in question.

At the request of the defendant, the judge reported the action to the Appellate Division, who ordered the report dismissed. The defendant appealed.

*G. J. Ganer*, for the defendant.

*A. C. Gould*, for the plaintiff.

WAIT, J. The plaintiff sues for commissions on sales of rugs made by the defendant claimed to be due to him under an agreement that "the plaintiff should become associated with the defendant's business for the purpose of selling rugs to customers whom the plaintiff should find in any way he could by advertising or otherwise, and that on whatever rugs were sold through the plaintiff's efforts the plaintiff should receive one half the profits above the cost of the rugs."

The law is plain that upon proof of the agreement, and of sales to customers found by the plaintiff and made through the plaintiff's efforts, the plaintiff is entitled to recover. There was no dispute except in regard to three transactions. In one the defendant, instead of receiving money from the customer, accepted an automobile. A barter is a sale within the meaning of the word in the contract. *Osgood* v. *Tax Commissioner*, 235 Mass. 88. In the second case the defendant accepted an order for a piano in payment, and the same rule of law applies. In the third case the sale was not completed before the parties terminated the relationship; and there was question whether the sale eventually made was to a customer found by the plaintiff and was made through his efforts. The questions of fact were to be decided by the judge who heard the witnesses. We cannot review his findings of fact, and we see no error of law in holding that if, before the termination of the contract, the plaintiff secured the customer, he might be found to be the efficient cause of the sale although he had ceased to be in the employ of the defendant before all the negotiations culminating in the sale were completed. The substance of the finding is that before

the contract terminated the plaintiff had performed all that he was required by his contract to do. It is immaterial that payment remained to be made when the parties ceased to be bound longer by this agreement. *Phillips* v. *Universal Upholstering Co.* 248 Mass. 475.

This is not a case where the power to act for the defendant has ceased before performance has become complete, as in *Des Rivieres* v. *Sullivan,* 247 Mass. 443, and *Kimball* v. *Hayes,* 199 Mass. 516, cited by the defendant.

The decision of the Appellate Division was right, and its order dismissing the report is affirmed.

*So ordered.*