In the Matter of the Transfer Tax upon the Estate of DELLORA R. GATES, Deceased.

JOHN J. MITCHELL et al., as Executors, Appellants; THE STATE TAX COMMISSION, Respondent.

Tax — transfer tax — subdivision 2 of section 220 of Tax Law taxing transfer of property evidenced by shares of stock or bonds representing real property within State, neutralized by its limitation — statute seeks to reach transfer of stock in all corporations and may not be upheld as to domestic corporations alone — act may not be construed as if stockholders owned property of corporation — tax erroneously assessed on transfer of bonds of foreign and stock of domestic corporation owned by non-resident decedent and within this State at time of his death.

1. Subdivision 2 of section 220 of the Tax Law (Cons. Laws, ch. 60), in effect November 28, 1918, which seeks to impose a tax on the transfer of intangible property evidenced by or consisting of shares of stock or bonds " when the property represented by such shares of stock, bonds * * * consists of real property, which is located wholly or partly, within the State of New York," is neutralized by its limitation. The tax is sought to be imposed, not on the basis of the situs, either of the shares or bonds, within the State, but on the basis of decedent's ownership of real property within the State. Neither stock nor bonds represent any property other than the intangible rights of the shareholders or bondholders, and such rights do not constitute real property.

2. The statute may not be upheld as to domestic corporations alone without ignoring the legislative concept of taxability. It has attempted to tax the transfer of stock in all non-excepted corporations, foreign or domestic, only so far as the property represented by such shares consists of real property within the State, in order to reach the transfer of shares in all corporations, foreign or domestic. Nor may the act be construed as if the stockholders owned the property of the corporation. The corporate entity is not a mere form or technicality to be disregarded and a taxing statute must be construed most strongly against the government and in favor of the citizen. (*Riggs* v. *C. M. Ins. Co.*, 125 N. Y. 7, distinguished.)

13

3. It was error, therefore, to impose a transfer tax upon a transfer of bonds of a foreign corporation and shares of stock of a New York corporation, belonging to a non-resident decedent, but within this State at the time of his death.

*Matter of Gates,* 215 App. Div. 669, reversed.

(Argued May 14, 1926; decided July 9, 1926.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered October 16, 1925, which affirmed an order of the New York County Surrogate's Court modifying a *pro forma* transfer tax order entered upon the report of an appraiser.

*Milward W. Martin, A. L. Humes* and *Ben LeRoy Stowell* for appellants. The Tax Law was unconstitutional in so far as it attempted to tax the transfer of the bonds in the present case. (*Matter of Bronson,* 150 N. Y. 1; *Matter of Fearing,* 200 N. Y. 340; *State Tax on Foreign Held Bonds,* 15 Wall. 300; *Matter of Barbour,* 185 App. Div. 445; 226 N. Y. 639; *Matter of City of Buffalo,* 139 N. Y. 422; *Pennoyer* v. *Neff,* 95 U. S. 714; *Frick* v. *Pennsylvania,* 268 U. S. 473; *Matter of Gordon,* 186 N. Y. 471; *Matter of Houdayer,* 150 N. Y. 37; *Matter of Ward's Estate,* 157 N. W. Rep. 1076; *Bliss* v. *Bliss,* 109 N. E. Rep. 148.) The fact that the bonds — tangible instruments evidencing intangible property — were physically within the State of New York is immaterial, for the Legislature expressly stated that it did not intend to tax the transfer of the tangible part of the bonds, but intended to tax only the transfer of the intangible property evidenced by the bonds. That intangible property was not in New York. (*Matter of Richards,* 182 App. Div. 572; 225 N. Y. 671; *Matter of Whiting,* 150 N. Y. 27; *Matter of McMullen,* 199 App. Div. 393; 236 N. Y. 518.)

*Charles A. Curtin* for respondent. The bonds of the United States Realty and Improvement Company were

properly taxed. (*Matter of Richards*, 182 App. Div. 572; 225 N. Y. 671; *Matter of Whiting*, 150 N. Y. 27; *Matter of Lowell*, 208 App. Div. 201; 239 N. Y. 30.) The stock of the Plaza Operating Company was properly taxed. (*Matter of Richards*, 182 App. Div. 572; *Matter of Lowell*, 208 App. Div. 201; *Matter of Bronson*, 150 N. Y. 1.)

POUND, J. Securities of a non-resident were taxed under section 220, subdivision 2, of the Tax Law (Cons. Laws, ch. 60), in effect November 28, 1918, which reads as follows:

" When the transfer is by will or intestate law, of tangible property within the State or of any intangible property, if evidenced by or consisting of shares of stock, bonds, notes or other evidences of interest in any corporation, joint-stock company or association wherever incorporated or organized, except a corporation, foreign or domestic, or joint-stock company or association constituting, being or in the nature of a moneyed corporation, a railroad or transportation corporation, or a public service or manufacturing corporation as defined and classified by the laws of this State, *and the property represented by such shares of stock, bonds, notes or other evidences of interest consists of real property which is located, wholly or partly, within the State of New York,* or of an interest in any partnership business conducted, wholly or partly, within the State of New York, *in such proportion as the value of the real property of such corporation, joint-stock company or association, or as the value of the entire property of such partnership located in the State of New York bears to the value of the entire property of such corporation, joint-stock company or association or partnership,* and the decedent was a non-resident of the State at the time of his death   *   *   *."

The taxability of two items is challenged. 1. $1,326,000 par value of the 5% gold debenture bonds of the United States Realty and Improvement Company, a New Jersey

corporation; 2. 750 shares of the capital stock of Plaza Operating Company, a New York corporation. Both the bonds and stock certificates above mentioned were within the State of New York at the time of decedent's death and there is no question as to the value fixed upon said securities by the appraiser.

So far as the decision of this case is affected we may assume that *State Tax on Foreign-Held Bonds* (15 Wall. 300) does not prohibit the Legislature, for the purpose of taxing transfers, from fixing the legal situs of stock either where the corporation exists or where the stockholder has his domicile or from fixing the situs of bonds at either the owner's domicile or within the State where he keeps them. (*Blackstone* v. *Miller*, 188 U. S. 189; *Matter of Tiffany*, 202 N. Y. 550; *sub nom. Wheeler* v. *New York*, 233 U. S. 434; *Matter of McMullen*, 199 App. Div. 393; affd., 236 N. Y. 518; *Rhode Island Hospital Trust Co.* v. *Doughton*, 46 Sup. Ct. Rep. 256; Goodrich, Problems of Foreign Administration, 39 Harv. L. R. 797, 805.)

The section of the Tax Law above quoted seeks to tax transfers of corporate stock and bonds, not on the basis of the situs, either of the bonds or the stock in the State of New York, but on the basis of decedent's ownership of real property within the State. The tax is on the transfer of intangible property evidenced by or consisting of shares of stock or bonds only when " *the property represented by such shares of stock, bonds * * * consists of real property, which is located, wholly or partly, within the State of New York.*" But neither the bonds nor the stock represent any property other than the intangible rights of a bondholder or shareholder. The limitation neutralizes the entire subdivision. Property represented by shares of stock or bonds does not consist of real property. The property represented by the bond is not an interest in real estate. It is the bare right to collect the bond. " The owner of the shares of stock in a company is not the owner of the corporation's property.

He has a right to his share in the earnings of the corporation, as they may be declared in dividends, arising from the use of all its property. In the dissolution of the corporation he may take his aliquot share in what is left, after all the debts of the corporation have been paid and the assets are divided in accordance with the law of its creation. *But he does not own the corporate property."* (*Rhode Island Hospital Trust Co.* v. *Doughton, supra.*)

The State of New York might not tax the transfer of shares in foreign corporations owned by a non-resident. It might have taxed the transfer of the shares of the New York corporation. It might have taxed the transfer proportionately. It has not done so. It has taxed the transfer of stock in all non-excepted corporations, foreign or domestic, only so far as the property represented by such shares consists of real property within the State. It has adopted this classification in order to reach the transfer of shares in all corporations, foreign or domestic. To uphold the statute as to domestic corporations alone would be to ignore the legislative concept of taxability and substitute our own theory of jurisdiction. The statute should not be thus mutilated to save a dismembered fragment. (*Yu Cong Eng* v. *Trinidad,* 46 Sup. Ct. Rep. 619.) Even to accomplish this result, in order to sustain the tax as to shares of the New York corporation only, we are urged to regard substance and disregard form and construe the act as if the stockholders owned the property of the corporation. But as was said by Lord READING, Ch. J., in *Continental Tyre & Rubber Co., Limited,* v. *Daimler Co., Limited* (1 K. B. [1915] 893, 903): "Justice should not be hindered by mere technicality, but substance must not be treated as form or swept aside as technicality because that course might appear convenient in a particular case."

The corporate entity created by statute may be swept aside as a "convenient fiction" in order to reach illegal

acts where there is no formal corporate action. (*People v. N. R. S. R. Co.*, 121 N. Y. 582, 622.) But this is no case of " assumed innocence " on the part of an erring corporation. The corporate entity is not a mere form or technicality to be disregarded in construing a taxing statute.

*Riggs* v. *C. M. Ins. Co.* (125 N. Y. 7) is clearly distinguished. Why has a shareholder an insurable interest in the corporate property? Because the equitable interest of a stockholder may be prejudiced by the destruction of the corporate property. The stockholder's equitable interest is stated to be the right to dividends and the right to share in the final distribution of the corporate property. Clearly this insurable interest is in no sense an interest in the property of the corporation. It does not follow that because the stockholder has an insurable interest in the corporate property he has title thereto.

It is urged that we may rely on canons of statutory construction to give the statute a meaning. Such canons are not unlike proverbs. It is possible to find one to fit any situation without paramount regard for consistency. Their force lies in their application. So here we may, as against the canon that a meaning must be imputed to a statute if possible, quote: " A statute which levies a tax is to be construed most strongly against the government and in favor of the citizen. The government takes nothing except what is given by the clear import of the words used." · (*People ex rel. Mut. Trust Co.* v. *Miller*, 177 N. Y. 51, 57.)

At best it cannot be said that the statute before us imposes a tax on the transfer of decedent's shares in the New York corporation with that clearness of expression which would brand the attempt to escape therefrom as as resting on " subtile device or ingenious sophism." Judge Cooley properly condemns such evasions in his classic work on taxation (Cooley on Taxation, 272) but

technical words are to be understood in their technical sense.

The order of the Appellate Division and decree of the surrogate should be reversed and proceeding remitted to the surrogate to proceed in accordance herewith, with costs to appellant in all courts.

HISCOCK, Ch. J., MCLAUGHLIN, CRANE and LEHMAN, JJ., concur; CARDOZO, J., concurs in result; ANDREWS, J., absent.

Ordered accordingly.