WILLIAM M. HALSTED and Another, Respondents, v. GLOBE INDEMNITY COMPANY, Respondent, Impleaded with PETER G. GERRY and Another, as Executors, etc., of ELBRIDGE T. GERRY, Deceased, Appellants.*

First Department, June 24, 1931.

* Revg. 138 Misc. 717.

*Minturn deS. Verdi* of counsel [*Edward T. Pierce* with him on the brief; *Nims & Verdi*, attorneys], for the appellants.

*F. A. W. Ireland* of counsel [*Ireland, Caverly & Hendrickson*, attorneys], for the respondent Globe Indemnity Company.

*Elliott W. Smith* of counsel [*Howard O. Wocd* with him on the brief; *Wood, Cooke & Seitz*, attorneys], for the respondents William M. Halsted and Elizabeth A. T. Halsted, as executrix, etc.

McAvoy, J.   Plaintiffs brought suit to recover certain securities deposited by them with the defendant Globe Indemnity Company as security for a bond in the amount of $25,000 given by William M. Halsted and Henry M. Halsted, lessees, as principals, and Globe Indemnity Company, as surety, to Elbridge T. Gerry (now deceased), as lessor, pursuant to the terms of the lease mentioned in the complaint.

This bond contained a provision that if the lessor sold the leased property while the bond was in force the same should be canceled provided the lessees had faithfully performed all the covenants and conditions contained in the lease up to that time.   A similar provision was contained in the lease.

The lessor, Eldridge T. Gerry, died on February 18, 1927, and under his will the title of the leased property passed to his four children, Robert L. Gerry, Peter G. Gerry, Angelica L. Gerry and Mabel Gerry Drury, in equal shares.   Subsequently and on the 14th day of January, 1929, these four heirs transferred the title of said property to The Gerry Estates, Inc., a corporation in which they were the sole stockholders, each of them having a one-quarter interest in the corporation.   They also constituted a majority of the board of directors, there being only two other directors, one of whom was their counsel, and the other an employee.   On the completion of the transfer on January 14, 1929, the four heirs

received equal amounts of stocks and bonds of The Gerry Estates, Inc., in exchange for the property transferred. No money for the transfer of the property was paid to them.

The plaintiffs have instituted this action to recover the securities deposited with the Globe Indemnity Company upon the ground that the aforesaid conveyance by the Gerry heirs to The Gerry Estates, Inc., constituted a sale within the meaning of the terms of the lease and bond and that, therefore, the bond was canceled as of the date of the conveyance on January 14, 1929.

The facts are agreed upon by the parties.

We conclude that this transaction was clearly not a sale within the meaning of that word as used in the lease and the bond, because it did not involve those elements which obviously constitute a sale in the minds of parties so situated.

The heirs did not part with the power to control the property; they merely substituted one form of control for another. As owners of all of the stock and constituting a majority of the board of directors, they remained at all times in a position to control, manage, direct and dispose of the property as they saw fit.

The heirs retained the beneficial interest in the property and continued to enjoy the benefit of the income which it produced by reason of their beneficial ownership of the entire capital stock and securities of the corporation in the same shares and proportions in which they owned the property before they transferred it to the corporation.

What the parties obviously intended by the word " sale," in the lease and the bond, was a transaction whereby the lessor would dispose of the property for value to a stranger and cease to have any further interest in it. A transfer to a corporation in which the lessor owns all the stock is not such a transaction.

The contractual rights of the lessor in the bond passed from the lessor to his heirs as lessors and passed from them to the corporation. No sale having occurred, the obligation still remains in force.

The judgment should be reversed, with costs, with the direction that the complaint herein be dismissed, with costs.

Finch, P. J., Martin and Townley, JJ., concur; O'Malley, J., dissents.

Judgment reversed, with costs, and complaint dismissed, with costs. The findings inconsistent with this determination should be reversed and such new findings made of facts proved upon the trial as are necessary to sustain the judgment hereby awarded. Settle order on notice.