WILLIAM HALSTED et al., Respondents, *v.* GLOBE INDEM-
NITY COMPANY, Appellant, and PETER G. GERRY et al.,
as Executors of ELBRIDGE T. GERRY, Deceased,
Respondents.

(Argued December 2, 1931; decided January 5, 1932.)

*F. A. W. Ireland* for appellant. There was a sale of
the property which canceled the bond. (*Jenkins* v.

*Moyse*, 254 N. Y. 319; *Lisner* v. *Macomber*, 252 U. S. 189; Real Prop. Law, §§ 245, 255, 258; *City Bank Farmers' Trust Co.* v. *Hewitt Realty Co.*, 257 N. Y. 62.)

*Minturn de S. Verdi* and *Edward T. Pierce* for defendants-respondents. The lessor did not sell the property. (*Peabody* v. *Richard Realty Co.*, 69 Misc. Rep. 582; 207 N. Y. 642; *Western Maryland Ry. Co.* v. *Commissioner of Internal Revenue*, 33 Fed. Rep. [2d] 695; *Alpha Portland Cement Co.* v. *United States*, 261 Fed. Rep. 339; *Weiss* v. *Stern*, 265 U. S. 242; *Chicago, M. & St. P. Ry. Co.* v. *Minneapolis Civic Assn.*, 247 U. S. 490; *U. S. Grain Corp.* v. *Phillips*, 261 U. S. 106; *Eisner* v. *Macomber*, 252 U. S. 189; *Matter of Winburn*, 136 Misc. Rep. 19; *Matter of Foley*, 132 Misc. Rep. 332; *Matter of Currier*, 138 Misc. Rep. 372.) The benefit of the bond followed the property. (*Sutter* v. *Nenninger*, 115 Misc. Rep. 359; *Shenk* v. *Brewster*, 189 App. Div. 608; *Mauro* v. *Alvino*, 90 Misc. Rep. 328; *Allen* v. *Culver*, 3 Den. 284; *Peabody* v. *Richard Realty Co.*, 69 Misc. Rep. 582; 207 N. Y. 642.)

POUND, J. On December 1, 1920, Elbridge T. Gerry leased certain premises to William M. Halsted and Henry M. Halsted for a term ending April 30, 1941. Globe Indemnity Company was surety on a bond given as security for the faithful performance of the lease. The lease provided: " If the lessor sells said property while such bond is in force, said bond shall be cancelled, provided the lessees shall have faithfully performed all the covenants and conditions herein contained."

The bond provided: " Provided further that if the lessor sells said property while this bond is in force, the same shall be cancelled provided the lessees shall have faithfully performed all the covenants and conditions herein contained up to that time."

Elbridge T. Gerry, the lessor, died February 18, 1927,

during the term of the lease. By his will he devised the leased property to his four children in equal shares. They transferred the title of the property to The Gerry Estates, Inc., a corporation organized " especially to purchase, acquire, hold, manage and take over so much of the real property, and all interests therein as the Board of Directors may deem advisable, now, or heretofore belonging to, or hereafter acquired by Elbridge T. Gerry, and formerly owned by Louisa M. Gerry, now deceased, or from their or either of their grantees, devisees or beneficiaries, including real estate in which said Louisa M. Gerry had any rights or interest in her lifetime, and to issue the capital stock, bonds, secured or unsecured, or other evidences of indebtedness, of this corporation, in payment therefor, and to take over said real property, subject to all leases and liens thereon, and charges against the same, and to assume the same, and all obligations therein contained to be performed on the part of the owners of such real property." They were the sole stockholders, each holding one-fourth of the corporate stock and bonds of The Gerry Estates, Inc., given in exchange for their property so transferred to the corporation.

Plaintiffs sue to recover securities deposited with Globe Indemnity Company on the ground that the transfer of the property by the Gerry heirs to The Gerry Estates, Inc., was a sale by the lessor and that the bond should be canceled and the securities returned. At the Special Term judgment was directed for the plaintiffs for the relief demanded in the complaint. The Appellate Division reversed and dismissed the complaint. The latter court said in an opinion by McAvoy, J.: " What the parties obviously intended by the word ' sale,' in the lease and the bond, was a transaction whereby the lessor would dispose of the property for value to a stranger and cease to have any further interest in it. A transfer to a corporation in which the lessor owns all the

stock is not such a transaction." (232 App. Div. 576, 578.)

The surety company, having asked in its requests to find the same relief demanded by the plaintiffs, is the appellant in this court and the plaintiffs only appear as respondents.

The question is whether the transfer from the heirs to the corporation was a "sale" of the property. In passing on this question no doubt can arise that the corporation must be viewed as an entity, separate and distinct from its stockholders. No rule of common sense or common justice is thereby violated. No wrong or fraud is shielded by the corporate charter. The corporation exists for the legitimate convenience of the stockholders, not as a mere mask for their personal acts and responsibilities. It absorbs and takes the place of the individuals who own its stock. (*Werner* v. *Hearst*, 177 N. Y. 63; *Brock* v. *Poor*, 216 N. Y. 387; *Berkey* v. *Third Ave. Ry. Co.*, 244 N. Y. 84; *Jenkins* v. *Moyse*, 254 N. Y. 319.)

The leased premises have been transferred to a third party (*Matter of Gates*, 243 N. Y. 193, 197; *Marr* v. *Tumulty*, 256 N. Y. 15, 24), but the words "sale" and "transfer" are not synonymous. "Sale" is a technical term which has been defined (*Matter of Grand Union Co.*, 219 Fed. Rep. 353, 356. See Byrne's Law Dictionary) as a transfer of property from one man to another, in consideration of a sum of money, as opposed to barters, exchanges or gifts. The English Sale of Goods Act (part 1, § 1) defines a sale as a transfer of property for a money consideration called the price. The New York Personal Property Law (Cons. Laws, ch. 41), section 82, defines a sale of goods as "an agreement whereby the seller transfers the property in goods * * * for a consideration called the price." The word "price" generally implies a sale for money although this is not always so. In construing any contract we are not

confined to strict meanings of legal terms. The intention of the parties must be sought for in the language used. To understand the language we may put ourselves in their place and discern if possible the objects they had in view and the motives which dictated their choice of words. A wider meaning may thereby be disclosed. A barter may be a sale within the meaning of the word in a contract. (*Rollins* v. *Bazirgan*, 252 Mass. 279.) In its broadest sense a sale comprehends any transfer of property from one person to another for a valuable consideration. (*Hudson Iron Co.* v. *Alger*, 54 N. Y. 173.)

Here the intention expressed calls for no widening of customary meanings. The surety company was not released by the devolution of title upon the children of Elbridge T. Gerry under the terms of the will. Title had passed but no sale was made. Neither is it released by the transfer of the property to the corporation. Title has passed to the corporation but the premises have not been sold to it. The heirs have exchanged it for stock in their own corporation, for their convenience in handling the property. The corporation is a mere form of family ownership. No transfer for a money consideration or for a price has been had.

The surety company is willing to secure Elbridge T. Gerry or his heirs for the payment of the rent until a sale is made of the property. If a sale is made, then its obligation ends. We can see no reason why the conveyance of the property to the corporation should be regarded as anything but an exchange, as distinguished from a sale, within the contemplation of the parties.

The benefit of a covenant of a surety for the rent runs with the land and, in the absence of a stipulation to the contrary, the grantee who takes subject to a lease obtains the benefit of securities deposited for the due performance of the lease. (LEHMAN, J., in *Mauro* v. *Alvino*, 90 Misc. Rep. 328, 330; cited with approval in *Kottler* v. *New York*

*Bargain House, Inc.*, 242 N. Y. 28, 37, and *Rosenfeld* v. *Aaron*, 248 N. Y. 437, 441.)

The right of the grantee to hold the securities has not terminated and the obligation of the surety remains in force.

The judgment should be affirmed, with costs.

CARDOZO, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment affirmed.