In the Matter of the Estate of NEWBOLD MORRIS, Deceased.

Surrogate's Court, New York County, May 2, 1932.

*Morris & McVeigh* [*Joseph W. Goodwin* and *Charles W. Cooper* of counsel], for the executors and others.

*Edgar Hirschberg,* for the State Tax Commission.

O'BRIEN, S. Cross appeals by the executors and trustees of the above named decedent and the attorney for the State Tax Commission have been taken from the *pro forma* order assessing tax, entered on appraiser's report and filed herein on December 3, 1931. The attorneys for both sides have consented to the entry of an order disposing of several grounds of appeal. This consent order is signed simultaneously with this decision.

The main ground of appeal, with which we are concerned, is that the *pro forma* order erroneously assesses a tax upon the transfer of interests in real property, known as 404 Riverside Drive, which property was transferred by the deed of the Strathmore Real Estate Corporation, dated December 28, 1921, to this decedent and Tompkins McEllvaine. The deed was delivered simultaneously with the execution by the grantees of a declaration of trust, dated December 30, 1921. By the terms of the trust instrument, which was irrevocable, the trustees agreed to hold and manage the property known as Strathmore House, 404 Riverside Drive, and to apply the net income to Newbold Morris (this decedent) for life, and after his death, to the use of his wife, Helen S. Morris, if she survived him and on the death of the survivor of them, then to apply the net income in equal shares to the use of their issue *per stirpes*. In no event was the trust to continue beyond the lives of the two younger children of the decedent. On the termination of

the trust, the principal was to be divided between the issue of Newbold Morris and Helen S. Morris, his wife, in equal shares *per stirpes*.

The Strathmore Real Estate Corporation was incorporated on November 3, 1916, and acquired title to the premises in question in a partition action, on November 20, 1916. Throughout the existence of said corporation, the decedent was the sole stockholder and, but for a short period of time from February 18, 1921, to August 8, 1921, never held office in said company. The decedent died on December 20, 1928.

The appraiser, under subdivision 2, section 220 of the Tax Law (as amd. by Laws of 1928, chap. 330), has included the value of the premises, 404 Riverside Drive, in his report as a taxable transfer. This provision of the Tax Law is as follows:

" 2. When the transfer is made by deed, grant, bargain, sale or gift made in contemplation of the death of the grantor, vendor, or donor or intended to take effect in possession or enjoyment at or after such death, * * *."

The attorney for the State Tax Commission contends that the conveyance by the Strathmore Real Estate Corporation was to the decedent and Tompkins McEllvaine, not as trustees, but as tenants in common and as owners of the property in fee simple, and that as the decedent owned all the stock of said company, the decedent, Newbold Morris, is a grantor, vendor or donor under the trust deed within the meaning of the Tax Law.

The appeal of the executors and trustees is sustained. The deed of conveyance and the declaration of trust must be construed together as a single instrument. (*Matter of Brandreth,* 169 N. Y. 437; *Ewing* v. *Wightman,* 167 id. 107.) In the declaration of trust, the parties recite they are about to acquire title to the premises in question, giving a detailed description thereof. The transaction was the same as if the corporation, by a single instrument or deed of trust, had conveyed the property to the trustees. I am not inclined to disregard the corporate entity as requested by the attorney for the State Tax Commission, and hold the decedent a grantor under subdivision 2, section 220 of the Tax Law. There is no evidence that the decedent practiced any fraud in an attempt to avoid the payment of taxes. The fact that the corporation did not convey the property until five years after it was incorporated and seven years before the decedent's death, together with the fact that this property comprised only a small portion of decedent's estate, would negative any such conclusion. In construing a taxing statute, where doubt exists as to the legislative intent, it must be

construed against the government and in favor of the taxpayer. (*Matter of Gates*, 243 N. Y. 193; *Matter of Gould*, 156 id. 423; *United States* v. *Merriam*, 263 U. S. 179.)

In view of this decision, it is unnecessary to pass upon the grounds of appeal set forth in paragraphs first, second and third of the State Tax Commission's notice of appeal.

Submit order on notice or consent remitting the report to the appraiser for correction in accordance with this decision.